UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**EDWARD A. BEHL, SR.,**

    **Plaintiff,**                                         Case No. 8:19-cv-2608-T-02TGW

v.

**R. TIMOTHY PETERS, et al.,**

    **Defendants.**
_____/

**ORDER**

THIS CAUSE is before the Court on Plaintiff's Civil Rights Complaint, filed pursuant to 42 U.S.C. § 1983, in which Plaintiff alleges violations of his First, Sixth, and Fourteenth Amendment rights under the United States Constitution. Plaintiff is in the custody of the Florida Department of Corrections serving a sentence for a state court conviction and proceeds *pro se*.

    **I.**    **Legal Background**

    A.  <u>Section 1915</u>

Pursuant to 28 U.S.C. § 1915A(a), federal courts are obligated to conduct an initial screening of certain civil suits brought by prisoners to determine whether they should proceed. Section 1915 grants broad discretion to the district courts in the management of *in forma pauperis* cases and in the denial of motions to proceed *in forma pauperis* when the complaint is frivolous. *Clark v. Ga. Pardons and Paroles*

*Bd.*, 915 F.2d 636, 639 (11th Cir. 1990); *Phillips v. Mashburn*, 746 F.2d 782, 785 (11th Cir. 1984).

Upon review, a court is required to dismiss a complaint (or any portion thereof) in the following circumstances:

> (b) Grounds for Dismissal. — On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint—
>
>> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
>>
>> (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b).

Thus, the Courts are obligated to screen prisoners' civil rights complaints as soon as practicable and to dismiss those actions which are frivolous or malicious or fail to state a claim for relief. 28 U.S.C. § 1915(e). A complaint is frivolous if it is without arguable merit either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Additionally, the Court must read a plaintiff's *pro se* allegations in a liberal fashion. *Haines v. Kerner*, 404 U.S. 519 (1972).

B. <u>Section 1983</u>

Plaintiff's claims against Defendants arise under 42 U.S.C § 1983. (Doc. 1). "[S]ection 1983 provides a method for vindicating federal rights conferred by the Constitution and federal statutes." *Bannum, Inc. v. City of Fort Lauderdale*, 901 F.2d 989, 997 (11th Cir. 1990). To successfully plead a Section 1983 claim, a plaintiff must allege two elements: "(1) that the act or omission deprived plaintiff of

2

a right, privilege or immunity secured by the Constitution or laws of the United States, and (2) that the act or omission was done by a person acting under color of law." *Id.* Thus, a plaintiff must show that the defendant acted under the color of law or otherwise show some type of state action that led to the violation of the plaintiff's rights. *Id.*

## II. Analysis

Plaintiff sues 21 defendants in their official capacities. Those defendants include (1) state court judges and state supreme court justices; (2) the Attorney General of Florida and Assistant Attorneys General; and (3) the State Attorney of the Sixth Judicial Circuit of Florida and unknown Assistant State Attorneys.

Plaintiff alleges that a jury convicted him of three crimes in state court. (Doc. 1 at 7). Plaintiff appealed. (*Id.*). The state appellate court affirmed his convictions but remanded for resentencing. (*Id.* at 7-8). The trial court resentenced Plaintiff, Plaintiff appealed, and the state appellate court affirmed. (*Id.* at 8). Plaintiff filed a motion for post-conviction relief. (*Id.*). Before the post-conviction court ruled on the motion, Plaintiff filed a supplemental motion with additional claims of relief. (*Id.*).

The post-conviction judge – one of the defendants in this case – denied the claims in the first motion on the merits. (Doc. 1 at 8). Later, after Plaintiff reminded the judge that he had not ruled on the additional claims in the supplemental motion, the judge dismissed those additional claims as untimely. (*Id.*). Plaintiff alleges that the post-conviction judge incorrectly calculated the limitations period under Fla. R. Crim. P. 3.850 for those additional claims. (*Id.*). The other state court judges and

3

justices named as defendants in this case either affirmed that ruling or rejected Plaintiff's other challenges to that ruling in state court. (Doc. 1 at 8-9).

Plaintiff alleges that the Attorney General and Assistant Attorneys General committed fraud in his subsequent federal habeas case by implying that Rule 3.850, as construed by the state judges and justices, was constitutional. (Doc. 1 at 9). Plaintiff further alleges that the Attorney General, Assistant Attorneys General, the State Attorney of the Sixth Judicial Circuit, and Assistant State Attorneys also violated their oaths of office to protect his constitutional rights by remaining silent in other court proceedings. (*Id.* at 6-9).

Plaintiff claims that Florida Rule of Criminal Procedure 3.850, as construed by Defendants, is facially unconstitutional because it violates his right of access to courts, his due process rights, and his right to habeas relief. (Doc. 1 at 7, 11). He asserts the operation of the two-year time limit under Rule 3.850 changed, Plaintiff did not have notice of that change, and the change deprived Plaintiff the right to collaterally attack his judgment. (*Id.* at 11-12).

This is not the first time that Plaintiff filed a civil rights complaint against these same 21 defendants. In 2017, Plaintiff sued the same defendants in *Behl v. Peters, et al.*, No. 8:17-cv-1749 (M.D. Fla.). In the 2017 complaint, Plaintiff also claimed that Defendants violated his right of access to courts, due process rights, and right to habeas relief. Complaint at 7, *Behl v. Peters, et al.*, No. 8:17-cv-1749 (M.D. Fla. July 21, 2017), ECF No. 1. Plaintiff alleged very similar facts in support of the claims. (*Id.* at 7-10).

The Court *sua sponte* dismissed the 2017 complaint. Order Dismissing Case, *Behl v. Peters, et al.*, No. 8:17-cv-1749 (M.D. Fla. August 15, 2017), ECF No. 3. The Court construed the *pro se* complaint as a petition for the writ of habeas corpus under 28 U.S.C. § 2254. (*Id.* at 1). Because Plaintiff had previously filed a federal habeas petition which was denied on the merits, the Court dismissed the new petition as unauthorized and successive. (*Id.* at 1-2). In the alternative, the Court construed the complaint as a petition for the writ of mandamus and concluded that it did not have the authority to compel the state court to reinstate his state post-conviction proceedings. (*Id.* at 2). The Court also construed the civil rights complaint as a challenge to the fact and duration of Plaintiff's confinement and concluded that the Court did not have jurisdiction to review the state court judgment under the *Rooker-Feldman* doctrine.[1]

Plaintiff appealed. The Eleventh Circuit affirmed. *Behl v. Peters*, 749 F. App'x 852 (11th Cir. 2018). The Eleventh Circuit concluded that this Court erred by construing the complaint as a successive habeas corpus petition. *Id.* at 854. The Eleventh Circuit affirmed based on the Court's alternative ruling that the complaint was barred under the *Rooker-Feldman* doctrine. *Id.* at 855.

In the complaint under review in this case, Plaintiff acknowledges his prior complaint and clarifies that he does not challenge the fact or duration of his confinement, does not seek release from prison, and does not challenge the

---

[1] *D.C. Court of Appeals v. Feldman*, 460 U.S. 462 (1983); *Rooker v. Fid. Tr. Co.*, 263 U.S. 413 (1923).

correctness of any state court judgment. (Doc. 1 at 7 n.6) (citing *Skinner v. Switzer*, 562 U.S. 521 (2011)). Plaintiff instead challenges the constitutionality of Rule 3.850. (*Id.*).

Plaintiff asks for declaratory and injunctive relief. (Doc. 1 at 12-13). Plaintiff asks the Court to: (1) declare Rule 3.850, as construed by Defendants, unconstitutional; (2) enjoin Defendants to reinstate his state post-conviction proceedings; and (3) declare that AG Bondi, AAG Taylor, and AAG McCarthy committed fraud in federal habeas proceedings by implying that Rule 3.850, as construed by the state courts, was constitutional. (*Id.* at 9, 12-13).

A. <u>Statute of Limitations</u>

The claim is barred by the statute of limitations. A claim under 42 U.S.C. § 1983 is subject to Florida's four-year statute of limitations for personal injury claims. *Van Poyck v. McCollum*, 646 F.3d 865, 867 (11th Cir. 2011). "The statute of limitations on a section 1983 claim begins to run when 'the facts which would support a cause of action are apparent or should be apparent to a person with a reasonably prudent regard for his rights.'" *Id.* (citation omitted). "To dismiss a prisoner's complaint as time-barred prior to service, it must 'appear beyond a doubt from the complaint itself that [the prisoner] can prove no set of facts which would avoid a statute of limitation bar.'" *Hughes v. Lott*, 350 F.3d 1157, 1163 (11th Cir. 2003) (citation omitted).

Plaintiff alleges that the post-conviction judge dismissed his additional post-conviction claims as untimely in 2008. (Doc. 1 at 8). Plaintiff appealed. (*Id.*).

6

The state appellate court affirmed without written opinion (*Id.*). The state appellate court then denied rehearing on February 11, 2010. (*Id.*). The state supreme court did not have jurisdiction to review the unelaborated decision. *Jenkins v. State*, 385 So. 2d 1356, 1359 (Fla. 1980).

The state courts' allegedly unconstitutional construction of Rule 3.850 became apparent to Plaintiff when his appeal concluded in 2010. *Van Poyck*, 646 F.3d at 867-68. At that time, Plaintiff became aware of any unconstitutional operation of the rule. (Doc. 1 at 8, 11). Plaintiff filed his pro se complaint nine years later in 2019. (Doc. 1-1); *Garvey v. Vaughn*, 993 F.2d 776, 783 (11th Cir. 1993). Plaintiff's complaint is barred by the four-year statute of limitations. *Van Poyck*, 646 F.3d at 867-68. Even though Plaintiff continued to challenge the state courts' rulings in other state court proceedings, those proceedings did not toll the limitations period under Florida law. Fla. Stat. § 95.051; *Hardin v. Straub*, 490 U.S. 536, 539 (1989).

    B. *Rooker-Feldman* Bar

Even if not barred by the statute of limitations, Plaintiff fails to state a claim upon which relief can be granted. "To avoid dismissal for failure to state a claim, a complaint must include factual content that allows the court to draw the reasonable inference that the defendant is liable for the alleged misconduct." *Waldman v. Conway*, 871 F.3d 1283, 1289 (11th Cir. 2017). Factual allegations in the complaint are accepted as true. *Id.* Even though a pro se complaint is liberally construed, it must still suggest that there is at least some factual support for the claim. *Id.*

"A plaintiff challenging a law as facially unconstitutional 'must establish that no set of circumstances exists under which the [law] would be valid.'" *J.R. v. Hansen*, 803 F.3d 1315, 1320 (11th Cir. 2015). Plaintiff does not cite any specific language in the rule that is facially unconstitutional. Plaintiff does not allege how that language is facially unconstitutional under no set of circumstances. Plaintiff only claims that the rule is facially unconstitutional in a conclusory manner. *Ashcroft v. Iqbal*, 556 U.S. 662, 680-81 (2009).

Plaintiff instead claims that Defendants unconstitutionally applied Rule 3.850 to his particular case. (Doc. 1 at 11-12). Plaintiff alleges that the state appellate court affirmed his convictions but remanded for resentencing. (Doc. 1 at 7-8). Plaintiff claims that the post-conviction judge incorrectly calculated the limitations period under these circumstances. (*Id.* at 8-9). Plaintiff further claims that the post-conviction judge and the other defendants "collectively construed" Rule 3.850 in a way that denied his constitutional rights. (*Id.* at 11-12). The allegations in the complaint do not support a facial challenge. The allegations support an as-applied challenge. *DA Mortg., Inc. v. City of Miami Beach*, 486 F.3d 1254, 1262 (11th Cir. 2007) ("Where plaintiffs challenge the validity of a statute because they seek to vindicate their own rights, however, the challenge is 'as-applied.'"); *see also Am. Fed'n of State, Cty. and Mun. Emps. Council 79 v. Scott*, 717 F.3d 851, 864 (11th Cir. 2013) ("[C]ourts construe a plaintiff's challenge, if possible, to be as-applied.").

Construing the claim as an as-applied challenge, the claim is barred by the *Rooker-Feldman* doctrine. Plaintiff asks the Court to declare Rule 3.850

8

unconstitutional and enjoin Defendants to reinstate his state post-conviction proceedings. (Doc. 1 at 12). Success of the as-applied claim would effectively nullify the post-conviction court's order dismissing his post-conviction claims and the state appellate court's decision affirming the order. Because the as-applied claim would "succeed 'only to the extent that the state court wrongly decided the issues" and the issue before this Court is "inextricably intertwined" with the state court judgment, the doctrine bars the claim. *Alvarez v. Att'y Gen. for Fla.*, 679 F.3d 1257, 1263-64 (11th Cir. 2012); *see also May v. Morgan Cty. Ga.*, 878 F.3d 1001, 1005-06 (11th Cir. 2017) ("Although narrow in its application, a state court loser cannot avoid *Rooker-Feldman*'s bar by cleverly cloaking her pleadings in the cloth of a different claim. Pretext is not tolerated.").

Because a properly alleged facial challenge to Rule 3.850 in an amended complaint would still be time-barred, the Court dismisses the complaint without leave to amend. *Moore v. Baker*, 989 F.2d 1129, 1131 (11th Cir. 1993).

Accordingly, it is **ORDERED** and **ADJUDGED** as follows:

1. This case is hereby **DISMISSED** with prejudice.
2. The Clerk of Court is directed to terminate any pending motions and **CLOSE** this case.

**DONE** and **ORDERED** in Tampa, Florida on July 20, 2020.

_____
WILLIAM F. JUNG
UNITED STATES DISTRICT JUDGE